# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE BURNS, an individual; RODNEY JUNIOR, an individual; BROTHERS III ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>           Plaintiffs,<br><br>   vs.<br><br>JULIUS ERVING, an individual; ERVING GROUP, LLC, a Florida Corporation; and DOES I through X; and ROES XI–XX,<br><br>           Defendants. | Case No.: 2:09-cv-002201-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Summary Judgment–#28) |

Before the Court is Defendants Julius Erving and the Erving Group, LLC's (collectively, "Dr. J") **Motion for Summary Judgment** (#28, filed Mar. 2, 2011). The Court has also considered Plaintiffs George Burns, Rodney Junior, and Brothers III Enterprises, LLC's Opposition (#31, filed Mar. 17), and Dr. J's Reply (#34, filed Mar. 28, 2011).

**BACKGROUND**

This dispute arises out of Plaintiffs' claim that Dr. J unlawfully took their advertisement idea. Defendant Julius Erving is a world-renowned former ABA and NBA

basketball player widely known as "Dr. J." Dr. J regularly enters into business ventures capitalizing on his notoriety, including ventures undertaken by his corporation, The Erving Group. On November 2, 2007, Burns chanced upon Erving at the Red Rock Casino and mentioned his and Junior's idea for a television commercial. (Dkt. #28, Mot. Ex. 3, George Burns Depo. 20:18-23, 22:1-7. ("Burns Depo.")) Burns told Dr. J of his idea that Dr. J should promote Dr. Pepper soda with the tagline "Hey Doc, You're Going Down," and "Dr. Pepper. So Delicious and Refreshing Going Down." (*Id.* Burns Depo. 18:16-20:12; Ex. 4, Proposed Advertising Campaign.) Plaintiffs' believed their idea could also be used in subsequent ads featuring other famous fictional or real doctors with the same tagline. (*Id.* Ex. 4, Proposed Advertising Campaign.)

Dr. J gave Burns the contact information of his personal assistant, Valerie Small. (*Id*. Burns Depo. 23:3-7.) Plaintiffs later telephoned Small and obtained Dr. J's office address in Longwood, Florida. Plaintiffs then mailed a business proposal, including the advertisement idea, to Dr. J's office in Florida. (*Id.* Burns Depo. 37:2-17.) The following day, Small confirmed delivery of the proposal. Per Small's request, Plaintiffs also sent a copy of the proposal to Dr. J's attorney, Ron Starr. (*Id*.) Between December 7, 2007 and January 29, 2008, Plaintiffs sent additional copies of the proposal to both Dr. J and Starr. In February 2008, Small informed Plaintiffs that Dr. J was focused on other business ventures and was therefore unable to pursue Plaintiffs' commercial idea. (*Id*. Burns Depo. 66:5-11.) Plaintiffs then allege that in August 2008, they learned Dr. J was starring in a Dr. Pepper television commercial very similar to their advertising concept, namely, using a fictional doctor to advertise Dr. Pepper.

On November 3, 2009, Plaintiffs sued Dr. J and The Erving Group alleging: (1) breach of implied contract, (2) unjust enrichment, (3) breach of confidence, (4) fraud, (5) violation of Nevada Uniform Trade Secrets Act, (6) punitive damages, and (7) declaratory relief. Plaintiffs subsequently voluntarily dismissed their Nevada Uniform Trade Secrets Act claim and the Court dismissed Plaintiffs' unjust enrichment claim. Now before the Court is Dr. J's motion for

summary judgment on all remaining claims. For the reasons discussed below, the Court grants Dr. J's motion.

**DISCUSSION**

**I.     Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."

1  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the
2  moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
3  "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
4  The nonmoving party "may not rely on denials in the pleadings but must produce specific
5  evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
6  *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
7  show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285
8  F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of
9  evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## II.   Analysis

Plaintiffs fail to meet their burden to "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 256, on any of their claims, but rather simply rely on assertions in their complaint and denials in their pleadings without any supporting evidence, *Bhan*, 929 F.2d 1404, 1409; *Reese v. Jefferson Sch. Dist. No 14J*, 208 F.3d 736, 737 (9th Cir. 2000).  Essentially, Plaintiffs merely contend that it is too coincidental that Dr. Pepper's advertising agency, Deutsch LA, Inc., came up with an idea similar to theirs a few years later, specifically, the 'amazingly creative' idea of using fictitious doctors to sell Dr. Pepper.  Accordingly, Plaintiffs contend, Dr. J must have pitched Plaintiffs' idea to Deutsch LA or Dr. Pepper rather than Deutsch LA coming up with the idea.  This hypothesis, however, is completely unsubstantiated by the record.

### A.   Breach of Implied Contract

To establish a claim for breach of implied contract, a plaintiff must show: (1) the plaintiff prepared the work; (2) disclosed the work to the defendant for commercial purposes; and (3) by accepting the disclosure, the defendant implicitly promised to pay for the work. *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967–68 (9th Cir. 2004).  Here, Plaintiffs basically allege that they developed an idea for a television commercial, disclosed their idea to Dr. J, and that by

accepting the disclosure, Dr. J implicitly promised to pay Plaintiffs for the idea, if used.  However, Plaintiffs present no evidence that Dr. J used their idea, merely that he appeared in a commercial that was part of a series starring fictional doctors.[1]  Dr. J, on the other hand, provides evidence that Deutsch LA independently created the marketing campaign he participated in.  (*See generally*, Dkt. #28, Mot. Ex. 9, Rob Goldenberg Decl.)  Goldenberg testifies that he was tasked with creating a campaign incorporating survey research showing that Dr. Pepper tastes better when people drink it slowly.  (*Id.* at ¶ 4.)  Goldenberg then came up with the idea of using fictitious doctors to advertise Dr. Pepper without ever having communicated with Dr. J or any of his representatives, nor with George Burns or Rodney Junior.  (*Id.* at ¶¶ 6-7, 12-13.)  Plaintiffs offer no evidence to contest this, merely the assertion that it seems too coincidental for them to believe.  (Dkt. #28, Burns Depo. 68:9-21 (Q: "Do you have any factual bass to establish that Deutsch LA didn't create this idea on their own?  A: "No.  Of course, I wouldn't have any factual. ... It's coincidental."); Ex. 5, Rodney Junior Depo. 18:21-20:24)

Further a simple comparison of the actual commercial and Plaintiffs' proposed advertising campaign shows that the two are quite dissimilar.  (*See and compare*, Dkt. #28, Exs. 1-2, Dr. Pepper Commercial and Transcript of Dr. Pepper Commercial *with* Ex. 7, "Hey Doc, You're Going Down" Materials.)  In fact, the only similarities are the use of pseudo doctors, particularly the use of Dr. J.  Otherwise the context of the ads is different and the words and phrasing of the ads are different.  Dr. Pepper did not use Plaintiffs proposed tagline "Hey Doc, You're Going Down," but rather "Trust me, I'm a doctor."  Two entirely dissimilar phrases.  Neither did Dr. Pepper use Plaintiffs idea to pair Dr. J with one of his NBA contemporaries.  Nor did Dr. Pepper place Dr. J drinking a Dr. Pepper on a basketball court, but in a casual home setting.  Suffice it to say, the advertisement concepts are different, even if they both star Dr. J and other "doctors."

---

[1] Dr. J and some other characters in these ads are not themselves fictional, the fictional part is that they are not actually medical doctors, *i.e.*, Dr. Dre is not a doctor, but a famous rapper who uses a "Dr." title in his pseudonym.  Dr. Frasier Crane, on the other hand, is a fictional character portrayed by Kelsey Grammer in *Cheers*, *Frasier*, and one of these Dr. Pepper commercial.

5

Accordingly, Plaintiffs fail to show that Dr. J disclosed Plaintiffs' business idea or in any way used Plaintiffs work, or that Dr. Pepper was even ever aware of Plaintiffs' concept. Therefore, Plaintiffs claim fails and the Court grants summary judgment on this claim.

### B.   Breach of Confidence

To support a claim for breach of confidence, the plaintiff must show: "(1) the plaintiff conveyed 'confidential and novel information' to the defendant; (2) the defendant had knowledge that the information was being disclosed in confidence; (3) there was an understanding between the defendant and the plaintiff that the confidence be maintained; and (4) there was a disclosure or use in violation of the understanding." *Berkla v. Corel Corp.,* 302 F.3d 909, 917 (9th Cir. 2002). Because a claim for breach of confidence requires a "disclosure or use in violation of the understanding," Plaintiffs' claim fails. As shown above, Plaintiffs have presented no evidence, merely conjecture, that Dr. J disclosed or in anyway used Plaintiffs' marketing concept. This is insufficient to survive a motion for summary judgment when Dr. J has provided evidence to the contrary.

### C.   Misappropriation of Ideas

Plaintiffs cite no legal support for a claim of misappropriation of ideas under the common or statutory law of Nevada and neither can the Court. Neither does Dr. J. However Dr. J at least provides some analysis of such a claim under the laws of Florida and Pennsylvania. The Court is unwilling to assume that the Nevada courts would find a cause of action for misappropriation of ideas. However, even if Nevada were to accept a misappropriation of ideas claim, under the laws of other states it would at least require that the Defendant actually use or misappropriate the idea. *See Alevizos v. John D. & Catherine T. MacArthur Found.*, 764 So.2d 8, 11 (Fla. Dist. Ct. App. 1999); *see also Blackmon v. Iverson*, 324 F.Supp.2d 602, 607 (E.D. Pa. 2003). As the Court previously explained above, Plaintiffs have offered no evidence (other than their own disbelief) that Dr. J took or used their idea in any way and that Deutsch LA did not

/

create the relevant marketing campaign on its own.  For both of these reasons, the Court grants summary judgment on this claim.

### D. Fraud and Misrepresentation Claim

Under Nevada law, a claim for fraud or intentional misrepresentation requires a party to prove each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant had an insufficient basis for making the representation); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004). Plaintiffs point to Dr. J's communication that he would not be pursuing their Dr. Pepper commercial idea as the false representation required for a fraud claim.  Plaintiffs, however, have failed to show how this statement is false as Dr. J has presented evidence that the Dr. Pepper commercial he participated in was separate from the idea presented by Plaintiffs and Plaintiffs present no contrary evidence other than their own disbelief.  Plaintiffs disbelief is insufficient to create a genuine issue of material fact as to the veracity of this statement.  Accordingly, the Court grants summary judgment on this claim.

Plaintiffs remaining claims are actually requests for relief.  Accordingly, they cannot stand alone without underlying claims to support them and the Court dismisses them.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Dr. J's Motion for Summary Judgment (#28) is GRANTED.  As no claims remain, the Clerk of the Court is directed to close this case.

Dated: August 26, 2011.

_____
ROGER L. HUNT
United States District Judge